**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NAM QUOC NGUYEN,<br><br>Petitioner,<br><br>-vs-<br><br>TODD BLANCHE, acting Attorney General, et al.,<br><br>Respondents. | ) | NO. CIV-26-1110-HE |

**ORDER**

On July 29, 2026, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. #13], recommending the court grant petitioner's petition for writ of habeas corpus and order his immediate release from custody subject to the terms of his unlawfully revoked Order of Supervision. Respondents have timely objected to the Report and Recommendation [Doc. #14]. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court concurs the habeas petition should be granted to the extent it seeks habeas relief under 28 U.S.C. § 2241.

As explained in the Report and Recommendation, petitioner is a Vietnam citizen subject to an order of removal which became administratively final in February of 1994. Over four years later, in August of 1998, petitioner was released from custody pursuant to an Order of Supervision (OOS). On April 30, 2026, at his regularly scheduled check-in appointment with Immigration and Customs Enforcement (ICE), petitioner was detained and the OOS was revoked. There is no dispute by petitioner that ICE served him with a

"Notice of Revocation of Release" at that time.[1] He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma.

In his habeas petition, petitioner challenges his detention under the Immigration and Nationality Act and its implementing regulations, the Fifth Amendment Due Process Clause and the Administrative Procedure Act. He requests various forms of relief, including immediate release subject to the conditions of his prior OOS.

The magistrate judge's recommended ruling is based on a determination that respondents unlawfully revoked petitioner's OOS. She found respondents failed to make the proper finding that changed circumstances necessitated revoking petitioner's OOS as required by 8 C.F.R. § 241.13(i).[2] Respondents, in their objection, contend they made a clear showing that there has been a change in circumstances with respect to removals to Vietnam sufficient to re-detain petitioner. The court disagrees. Like other courts in this district, the court concludes the increase since 2024 in removals to Vietnam does not indicate that petitioner himself was significantly likely to be removed at the time of his re-detention. Nguyen v. Department of Homeland Security, Case No. CIV-26-87-R, 2026 WL 1506428, at **5-6 (W.D. Okla. May 29, 2026) (citing and quoting cases). The court also agrees with the magistrate judge that ICE's mere request for a travel document for

---

[1] *As noted by the magistrate judge, the notice itself is not part of the record.*

[2] *Section 241.13(i)(2) authorizes ICE to revoke a "non-citizen's release . . . and return the [noncitizen] to custody if, on account of changed circumstances," ICE "determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). As pointed out by the magistrate judge, it is the government's burden to show a significant likelihood that the noncitizen may be removed. [Doc. #13, p. 7 (quoting Hall v. Nessinger, C.A. No. 25-cv-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026)).*

petitioner is not a changed circumstance supporting re-detention. *Id*. (quoting Choy v. Woosley, Civil Action No. 4:25-cv-197-DJH, 2026 WL 324601, at *5 (W.D. Ky. Feb. 6, 2026)).[3] Further, the court agrees with the magistrate judge that the conclusory finding of changed circumstances is not sufficient to justify the revocation of petitioner's release. The court concludes respondents' objection is without merit.

In their objection, respondents additionally challenge the court's jurisdiction to consider the habeas petition as well as the recommended relief of immediate release. For the reasons stated in Vu v. Blanche, Case No. CIV-26-446-R, 2026 WL 1757826, at * 1 (W.D. Okla. June 18, 2026) (discussing jurisdiction) and Nguyen, *supra*., 2026 WL 1506428, at **2-3 (discussing jurisdiction) and at *6 (discussing habeas relief in the form of immediate release), the court concludes the objections are without merit.[4]

Accordingly, for the reasons stated, the Report and Recommendation [Doc. #13] is **ADOPTED**. The petition for writ of habeas corpus [Doc. #1] is **GRANTED** to the extent it seeks habeas relief pursuant to 28 U.S.C. § 2241. Respondents are **ORDERED** to immediately release petitioner from custody subject to the terms of his prior Order of Supervision. Respondents are **ORDERED** to certify compliance by filing a status report within **five (5) business days** and to promptly provide a copy of this order to counsel for

[3] *Notably, the travel document request was not made by ICE until after petitioner was re-detained. That request is still pending.*

[4] *In the Report and Recommendation, the magistrate judge recommends the court decline to address petitioner's other claims and the requested declaratory relief based on the resolution of the regulatory violation claim and to deny the requested injunctive relief. As no party has timely objected to the recommendation, the court adopts the recommendation in its entirety.*

the Warden of the Cimarron Correctional Facility. Petitioner's remaining claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE